STATE OF MINNESOTA                                   DISTRICT COURT

COUNTY OF HENNEPIN                                   FOURTH JUDICIAL DISTRICT

---------------------------------------------------------------- INSURANCE CONTRACT

David Cooklock
                Plaintiff

versus                                               COMPLAINT

Principal Financial Group
                Defendants

----------------------------------------------------------------

COMES NOW, the plaintiff, David Cooklock, and for her cause of action, in each count, states and alleges

I

That this action is brought pursuant to the ERISA Federal Retirement Act
Fed Stat. 502(a)(1) et al

II

That on June 30, 2006 David Cooklock, the plaintiff, was employed by ABJ, Inc. dba Points West Realty

III

On June 30, 2006, ABJ, Inc had a policies of long term and short term disability insurance with the Defendant Principal Finical Group, herein after referred to as Principal, which covered it's employees and said policy included the Plaintiff as part of its coverage and was an employee paid plan in which the Plaintiff, David Cooklock, made all the premium and contribution payments.

IV

That on June 20, 2006, the plaintiff had various physical injury and limitations.

V



REC'D MAY 28 '08   GDR D

That the plaintiff's injuries are permanent in nature, and the plaintiff has exceeded any waiting period.

VI

That the Plaintiff has exhausted all his administrative remedies as required by ERISSA Fed Stat. 502 (a)(1) and the Plaintiff's claim is still denied by the Defendant.

VII

That under the terms and conditions of the short term disability plan the employee is entitled to benefits if he is unable to perform substantial activities of the job that the employer has offered.

VIII

That the employee is unable to perform substantial duties of the job he was performing or any job that the employer offered.

IX

That the Defendant sent the employee to a doctor of their choice, Thomas Jetzer and received a report him, who opined that a Functional Capacity Evaluation dated 5/7/2007 was appropriate, and which is attached here to. The only exception to the FCE made by the Defendant's doctor was that the Plaintiff could do simple keyboard work, at a slow pace.

X

That the defendant failed to make proper inquiry after this report as to whether a major or substantial par of the Plaintiff's work involved computer operation at a pace beyond that listed in his restrictions.

XI

That as of 6/30/06 the employer replaced the employee with another worker and the only offer of work made to the employee was well beyond his capacities, and which included heavy lifting, fine manipulation, and repeated use of the Plaintiff's hands and arms. The Defendant has refused to pay benefits for short or long term disability for the only job offered to the employee by the employer.

XII

That defendant is obligated to pay the short term and long term disability to the plaintiff under the terms of the individual policy and has denied or refused payment.

XIII

That the Plaintiff is entitled to long term disability if he has been disable for a year and there is no reasonable work he can do.

XIV

REC'D MAY 28 '08   GDR D

That the Plaintiff, by reason f his medical condition or conditions, is unable to perform any sustained or substantial employment.

XV

That the Plaintiff has been awarded Social Security Disability Benefits and has been recognized by the United States Government as being totally disabled.

XVI

That the ERISA plan administrator does not have discretionary authority and the decision of the Defendant is to be reviewed de novo.

XVII

The Defendant has an inherent conflict of interest and heightened review by the court is required.

XVIII

That the value of the short term and long term disability is in an amount in excess of fifty thousand dollars ($50,000.00)

XIX

That the plaintiff is entitled to recover her attorney's' fees, costs interest and disbursements.

WHEREFORE, the plaintiff prays for an award from the court a sum in excess of fifty thousand dollars, from the defendant as well as his costs disbursements, interest, attorney's fees and such other relief as the court may grant.

Dated the 22 of May, 2008

John T. Anderson #0002549
Attorney for Plaintiff
Suite 1100, 120 South Sixth Street.
Minneapolis, MN 55402
(612) 339-1515

REC'D MAY 28 '08   GDR D

| Client can: ( in pounds) | Rarely | Occasionally | Frequently | Continuously |
|---|---|---|---|---|
| Floor-to-waist lift | 50 | 40 | 15 | + |
| Waist-to-crown lift | 25 | 20 | 8 | + |
| Static push | 49.3 | - | . | + |
| Static pull | 76.7 | - | - | + |
| Long carry | 60 | 50 | 20 | + |

Client can use feet for repetitive movements, as in operating foot controls:

| Right | Left | Both |
|---|---|---|
| X Yes ___ No | X Yes ___ No | X Yes ___ No |

Client can use hands for repetitive action such as:

|  | Simple Grasping | Firm Grasping | Fine Manipulating |
|---|---|---|---|
| Right | X Yes ___ No | ___ Yes X No | ___ Yes X No |
| Left | X Yes ___ No | ___ Yes X No | ___ Yes X No |

Client can use head and neck in:

| Static Position | Frequent Flexing | Frequent Rotating |
|---|---|---|
| X Yes ___ No | X Yes ___ No | X Yes ___ No |

Restriction of activities, for example: being around moving machinery; driving automotive equipment; or any other restrictions due to the physical impairment.

+ Continuous performance of an isolated work task rarely occurs in the work place. Work Well testing methodology assesses work tasks to a frequent basis as reflected in the work place.

Signature of Physician: _____  Date: _____

Signature of Therapist: *Jeff Mayer AT, OCS, ATC* (signature)  Date: 5-4-07

(Revised 10-27-04)

REC'D MAY 28 '08  GDR D

STATE OF MINNESOTA                                 DISTRICT COURT

COUNTY OF HENNIPIN                          FOURTH JUDICIAL DISTRICT

-------------------------------------------------------------- INSURANCE CONTRACT

David Cooklock.

                 Plaintiff

versus                                         SUMMONS

Principal Financial Group

                 Defendant

-----------------------------------------------------------------------------------------

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDENTS

    YOU ARE HEREBY SUMMAND AND REQUIRED TO serve upon the plaintiff's attorney an answer to the Complaint which is herewith served upon you, within Twenty (20) days after the service of this Summons, exclusive of the day of service. If you fail judgment by default will be taken against you for the relief demanded in the Complaint.

Dated this 22 of May 2008

                                   FOR JOHN T. ANDERSON & ASSOC P.A.

                                   John T. Anderson #0002549
                                   Suite 1100, 120 South Sixth Street.
                                   Minneapolis, MN 55402
                                   (612) 339-1515

REC'D MAY 28 '08   GDR D